■ CENTRONICS CORPORATION, Appellant, v JOHN D. ROLLER et al., Respondents, et al., Defendant.—Order, Supreme Court, Westchester County (W. Denis Donovan, J.), entered March 16, 1989, which denied plaintiff's motion for summary judgment foreclosing a mortgage, unanimously reversed, on the law, summary judgment granted to plaintiff, and the matter remanded for further proceedings consistent with this decision, with costs.

On October 15, 1986 the defendants John and Robyn Roller executed and delivered to plaintiff a promissory note in the sum of $437,000 payable by January 14, 1987. In the event of default on the payment of the principal or an extension by the payee of the due date, interest on the unpaid balance from January 15, 1987 would be at the rate of 12% per annum, payable on February 15, 1987 and monthly thereafter.

If the principal or interest was not paid when due, there was an option to declare the entire sum due.

On October 15, 1986, the defendants executed and delivered, as security for the note, a mortgage on premises known as 92 Walworth Avenue, Scarsdale, New York. The mortgage was duly recorded.

Defendants failed to make any payment of principal or interest, and plaintiff exercised its option to declare the entire principal due and owing.

Defendants' assertion that the due date for payment of the note was extended by an oral agreement that no moneys would be required for payment until their home in Houston, Texas was sold is contrary to General Obligations Law § 5-703 (3). It provides: "A contract to devise real property or establish a trust of real property, or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent."

Moreover, plaintiff's argument that the claim here should have been made as a counterclaim in a pending Federal action brought by defendants against plaintiff is rejected. While the Federal action was commenced about a week before this action, there is no dispute that plaintiff did not receive notice of it until after the commencement of the action here. In any case the defendants' claim of an oral agreement delaying any

payment due on the mortgage has been ruled unenforceable in the Federal action as contrary to the Statute of Frauds. (General Obligations Law § 5-703.) Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.